GERTIE DAVIS, Appellee, v. CLYDE HERNEY et al., Appellants.

**TRIAL:** Instructions—General Statement of Issues. On the issue whether the loan of money was for the purpose of enabling the borrower to traffic unlawfully in intoxicating liquors, it is error so to submit the issue as to confine said unlawful trafficking to one *particular locality* in the state.

*Appeal from Woodbury District Court.*—MILES W. NEWBY, Judge.

NOVEMBER 20, 1923.

ACTION at law, to recover judgment against the defendants Herney upon an alleged indebtedness for money loaned. Answering the petition, the defendants deny said alleged indebtedness, and further say that such indebtedness, if any, had its origin in a void and illegal transaction or enterprise in which plaintiff and Clyde Herney undertook to buy and import into Sioux City quantities of intoxicating liquor, and to engage in the traffic and sale thereof on their joint account, in violation of law. The cause was tried to a jury, resulting in a verdict and judgment for plaintiff. From such judgment the defendants appeal.—*Reversed.*

*H. I. Brouilette* and *Pendleton & Browning,* for appellants.

*George W. Kephart* and *F. L. Ferris,* for appellee.

PER CURIAM.—On the trial, there was evidence which, if believed by the jury, tended to show that the alleged loans to the defendants were money advanced or furnished by the plaintiff to be used in the purchase of and traffic in intoxicating liquors on their joint account, in violation of law. This was denied by the plaintiff, and the issue of fact in this respect was a question to be submitted to the jury, with proper instructions by the court. In so submitting this issue of fact, the court charged the jury as follows:

"Par. 9. So, in this case, if the defendants have proven to you by a preponderance of the evidence that the plaintiff loaned them the money, or any part thereof, to enable them to traffic in intoxicating liquors in Sioux City, Iowa, knowing at the time what the money was to be used for by the defendants, or she gave the defendants the money, or any part thereof, with which to traffic in intoxicating liquors in Sioux City, with the understanding and agreement that she was to share in the profits of such transaction or was to be interested in or connected therewith, then the plaintiff cannot recover in this case the money so loaned or given, and your verdict will be for the defendants to the extent of the amount of money you find she so loaned or gave. If you find from a preponderance of the evidence that all the money so loaned or given to the defendants was for the purpose of said liquor traffic, and the plaintiff knew it or was interested therein, then you will proceed no further, but return a verdict for the defendants. However, if you do not so find, or you believe from the evidence that the plaintiff loaned the money to defendants, not knowing the use to which it was to be applied, or you find that she had no interest in, was not connected with the defendants, nor was to share in the profits of said violation of the liquor law, as alleged, then your verdict will be for the plaintiff in such amount as you find due her on said claim."

The appellants except to the foregoing instruction because it limits the illegality of the alleged transaction to the traffic of intoxicating liquors *in Sioux City, Iowa,* thereby inferentially conveying the idea that the traffic elsewhere than in Sioux City would *not* be tainted with illegality. In our judgment, the exception is well taken, and the error pointed out was clearly prejudicial.

Other objections are raised to the instructions, but the one already noted having necessitated a new trial, we will not enter upon their consideration. The intervention noted in the title to the case necessarily falls with the judgment in the principal case, and requires no further attention on this appeal.

The judgment below is reversed and cause remanded.— *Reversed.*